SMITH *v.* NEWCASTLE.

By a lease dated March 15, 1864, plaintiff leased a house of the defendant for the term of five years.; " the said Smith yielding and paying therefor rent, by certain specified repairs on the house," "and the said lessee promises to pay the said rent in the repairs, work, materials and additions, &c., as above set forth, all to be completed during the years A. D. 1864, and 1865;" "and that said lessors may enter to expel the lessee if he shall fail to pay the rent as aforesaid." Plaintiff did not make all the repairs before 1866, and in January, 1866, the defendant expelled the plaintiff from the house. In assumpsit for labor and materials by plaintiff to recover for the repairs made by him in 1864 and 1865 upon the house:

*Held* that plaintiff would be entitled to recover if the real value of his repairs and additions to the town exceeded the fair value of the use and occupation of the premises by the plaintiff down to the time when he was expelled, and also the damage suffered by the town from the breach or breaches of the contract by the plaintiff:

Also *held* that plaintiff could not maintain such suit until after the expiration of the five years embraced in the original contract.

ASSUMPSIT, for labor and materials. Writ dated February 12, 1866. By a lease dated March 15, 1864, the plaintiff hired a house of the defendant for the term of five years, "the said Smith yielding and paying therefor rent by" certain specified repairs on the house, "and the said lessee promises to pay the said rent in the repairs, work, materials and additions, &c., as above set forth, all to be completed during the years A. D. 1864 and 1865," "and that the lessors may enter to expel the lessee if he shall fail to pay the rent as aforesaid."

The plaintiff did not make all the repairs before 1866, and in January, 1866, the defendant expelled the plaintiff from the house.

This suit was brought to recover for the repairs made by plaintiff in 1864 and 1865.

The defendant introduced evidence tending to show that the repairs made were useless ; that the materials were of such quality and the work was done so badly as to constitute a breach of the contract on the part of the plaintiff.

The defendant moved for a nonsuit, the court *pro forma* overruled the motion, and defendant excepted.

The court *pro forma* instructed the jury that plaintiff was entitled to recover if the benefit derived by the town from the repairs was greater than the damage suffered by the town from the breach or breaches of the contract by the plaintiff, to which instructions defendant excepted.

The jury returned a verdict for the plaintiff, which defendant moved to set aside, and this case was reserved.

*C. H. & C. N. Bell*, and *J. J. Bell*, for plaintiff, cited and commented on *Britton* v. *Turner*, 6 N. H. 481; *Wadleigh* v. *Sutton*, 6 N. H. 15; *Davis* v. *Barrington*, 30 N. H. 527; *Horn* v. *Batchelder*, 41 N. H. 86; 2 Starkie Ev. 97, 98, 643; 3 Starkie Ev. 1769–70; Buller's N. P. 139, *Keck's Case; Heywood* v. *Leonard*, 7 Pick. 181; *Bassett* v. *Sanborn*, 9 Cush. 58; *Smith* v. *Society*, 8 Pick. 178; *Van Deusen* v. *Blum*, 18 Pick. 231; *Snow* v. *Ware*, 13 Met. 42; *Reed* v. *Scituate*, 5 Allen 23; *Taft* v. *Montague*, 14 Mass. 282; *Phelps* v. *Sheldon*, 13 Pick. 50; *Gleason* v. *Smith*, 9 Cush. 484; 2 Smith's Lead. Cases, 13, 14, and notes; *Jewett* v. *Scofield*, 4 Cowan 566; *Myrick* v. *Slason*, 19 Vt. 166; *Hayden* v. *Maddison*, 7 Green. 78; *Livingsdale* v. *Livingston*, 10 Johns. 36; *Cook* v. *Munster*, 4 B. & P. 355.

*Goodall & Frink*, for defendant.

In law the plaintiff cannot recover because the contract here was express. And the court cannot make a contract different from what the parties have expressly provided. *Britton* v. *Turner*, 6 N. H. 491, bottom of page.

In this case there is an express provision of the parties, which is the exception made in *Britton* v. *Turner*. The plaintiff agrees to take his pay for the repairs done to these premises, by their occupation, and in the event of his not fulfilling the entire conditions, to forfeit his pay, that is, his right of occupation.

The case at bar, then, differs from the principle involved in *Britton* v. *Turner*. Had the agreement been in the latter case, that the plaintiff's failing to fulfil his entire contract should forfeit his right to claim pay, then it would have been parallel with the one under consideration. There the law implies a promise to pay because of benefits received and accepted, there being no agreement to the contrary; here, the law discovers an express contract, in which the plaintiff stipulates for payment in a certain way, and renounces this right upon the failure of certain conditions. "The law will not imply and raise a contract different from what the parties have entered into." Then, too, the defendant town has not accepted the work done here as in that case.

Also, secondly, the plaintiff cannot recover even if in law he was entitled to receive anything, because he has brought his action before he had any right of suit.

Defendants say he could not maintain a suit until the end of the five years.

If plaintiff could be permitted to recover now, he would compel the defendants to pay in advance and in one sum, that which the defendants were to pay day by day by rent of land for five years. By what law or equity can the defendants be now asked to pay that which by their agreement they were not to pay for three or four years to come.

Thirdly, the court, by their instructions, permit the jury to assess damages for a present sum without deduction therefrom for payment before the time the plaintiff had agreed to accept payment, and before the time defendants had agreed to pay. They allow them to assess damages for the plaintiff now, without reference to the fact that defendants by the contract even if fulfilled, would not have been entitled to recover for the amount to become due hereafter.

Here the defendants say even if damages could in any event be recovered, it could only be at the end of the five years and in a gross sum, as the contract cannot be divided, but the payment is one gross sum of rent for five years.

But here the express agreement clearly is that plaintiff is to be paid for his repairs by five years' use, if all repairs are made, and if all repairs are not made, then he is to be paid by two years' use of the premises. He has had all the payment he contracted for, namely, two years' use, as he did not make all the repairs.

Again, the powers of towns are limited. The committee who leased the premises derived their authority, by the vote of the town, to lease said premises; and upon the conditions of the lease. If it is holden that the plaintiff may recover upon this suit, then the character of the contract is changed, and a burden is imposed upon a town, which it never voted to assume. The town by its committee did certain acts in a certain way, which was within its authority. The plaintiff knew the limits within which the town acted and the liabilities it assumed, and he cannot by avoiding his part of the agreement impose upon a party of limited powers, a liability not within their powers, because they never undertook to exceed them to that extent. If he deals with a party of limited powers, he cannot by his own wrong doing extend his rights and their liabilities.

SARGENT, J. When a party, by special agreement, contracts with another to labor for him, or to perform a job, furnishing labor and materials, or either of them, and executes his contract, but not in time or manner, or both, in accordance with his contract, although he cannot recover upon the special contract, not having fulfilled on his own part; yet if what he has done from the nature of the case must have been accepted as it was done, or must remain the property of the other party, or if such other party declines to return it, when in his power to do so, and what has been done is of value to such other party beyond what the first party has received, and also beyond any damage which his failure to perform his contract may have caused the other party, he may recover the amount of such benefit in *indebitatus assumpsit,* upon the presumption that a man who enjoys actual benefit from the labor or property of another done or performed for him, promises to pay what the same is actually worth. *Britton* v. *Turner,* 6 N. H. 481, and cases; *Davis* v. *Barrington,* 30 N. H. 517, and cases; *Horn* v. *Batchelder,* 41 N. H. 86, and cases.

But it is claimed by defendant that this case comes within the exception stated in *Britton* v. *Turner,* where the parties have agreed that

nothing should be paid the plaintiff in case of failure to perform his contract.     We do not, however, so interpret this contract.   Plaintiff was to have the rent or the use and occupation of the premises for five years, and was, in payment, to make certain repairs upon and additions to the buildings upon the premises, all to be done within the first two years, and if not done in that time,  the defendant had the right to enter and expel the plaintiff.

But that by no means amounts to a contract, that if plaintiff should do most of the work, and make nearly all the additions within the time specified, but failed to complete them all, he should receive nothing for all he had done, or even that he should receive nothing but the rent or use of the premises up to that time.   Such an agreement so made in terms might have constituted the exceptional case stated in *Britton* v. *Turner.*   But here is no such agreement.   Suppose the plaintiff had done nothing in this case, still, by the  terms of the contract, he could have held the premises through the years 1864 and 1865, but in that case the defendant could not only have entered, but could have made plaintiff pay a reasonable rent for the use of the premises for that time ; not, to be sure, under the contract, but because the plaintiff, having failed to perform it and broken it on his part, would be liable to pay on a *quantum meruit* what the use of the same was worth.

We think the contract clearly is not as the defendant claims, "that plaintiff is to be paid for his repairs by five years' use and occupation, if all repairs are made within the time stipulated, and if not thus made, then he is to be paid for all he does by the two years' use and occupation."   If such had been the contract, the plaintiff, by simply doing nothing, would have secured the two years' rent without pay, and at the expiration of that time might have been expelled.   The defendant would not have been wise to have made such a contract as this.   *Page* v. *Marsh,* 36 N. H. 305.

Again, the defendant claims, that, as the powers of towns are limited, they can only be held to the special contracts which they make, or which are made by their express authority by vote, and that the town cannot be held on an implied contract different from the one they voted to make. But this position has been repeatedly overruled.   In *Wadleigh* v. *Sutton,* 6 N. H. 15, plaintiff agreed to make a highway for the town in a particular manner, but did not make it according to the contract; *held* that he might recover on a *quantum meruit,* whatever his labor was worth to the town.   The same principle applies here.

The defendant moved that plaintiff be nonsuit on the ground that the action was brought prematurely, and took exception to the ruling denying that motion.   The writ was dated February 12, 1866, and by the terms of the contract, the town was to have had till March 15, 1869, to have paid for the repairs in the use and occupation of the premises. Plaintiff claims that in such cases his action is in no respect founded upon the special agreement, but upon the implied contract, and that the terms of the special agreement are admissible only to show the amount of damage sustained by the defendant by its non-fulfilment to be *recouped* against the plaintiff's claim for the value of his services and property.

But this position of defendant has been repeatedly overruled. In *Hartwell* v. *Jewett*, 9 N. H. 249, it is held, that, if the defendant can set up such an original contract to limit the plaintiff's claim, not founded on such contract, but on services growing out of it, he may equally well set up such contract to *defer* any rightful claim for payment for such services until such time as he reasonably deserves to have such payment, and that such special contract may be interposed as a defence so far as to protect the defendant from being harrassed or pursued for payment of any claim for a portion of the services growing out of a contract, before the expiration of the time when he would have been bound to make payment had the whole services been faithfully performed. It is also said in the opinion that it is desirable not to give the temptation of a payment of ready money instead of a delayed payment, to those who already have perhaps too much encouragement, at least all they deserve, to faithlessness in the fulfilment of their contracts.

It is held that the defendant in such case may set up the original contract to show that, though perhaps the plaintiff may deserve to have something, still he cannot rightfully have anything of the defendant until such time as the original contract, if fulfilled, would have been payable, and that plaintiff shall not recover anything in such case, sooner than he could have claimed payment for the same services, if such contract had been fully completed.

The same doctrine is held in *Bailey* v. *Woods*, 17 N. H. 369–70, that when a credit is to be given by the terms of the contract, that stipulation extends as well to a case where all the work has not been performed, as to a case where the contract is completed. To the same point are *Davis* v. *Barrington*, 30 N. H. 530, and *Thompson* v. *Phelan*, 22 N. H. 339. Upon these authorities we think this exception of the defendant must be sustained.

The court instructed the jury that plaintiff was entitled to recover if the benefit derived by the town from the repairs was greater than the damage suffered by the town from the breach or breaches of the contract by the plaintiff, to which defendant excepted.

These instructions are nearly in the precise words of the instructions given in several of the cases we have cited. But upon examining these cases it will be found that, where such instructions were given, no question arose as to partial payments made for such services while they were being rendered. But in *Elliott* v. *Heath*, 14 N. H. 131, it is held that partial payments made from time to time, as the services were being rendered, are also to be deducted as well as the damages, and if the value of the plaintiff's labor does not exceed both, he cannot recover.

In this case the plaintiff had received nearly two years' use and occupation of the premises towards paying for his repairs and additions, and the instructions omit this entirely. The instructions should have been that plaintiff was entitled to recover, if the real value of his repairs and additions to the town exceeded the fair value of the use and occupation of the premises by the plaintiff down to the time when he was expelled, and also the damage suffered by the town by the breach or breaches of the contract by the plaintiff.

Upon the last two grounds the verdict must be set aside, and upon the ground that the action was prematurely brought, there must be

*A nonsuit.*